IN THE UNITED STATES DISTRICT COURT

OF WESTERN PENNSYLVANIA

UNITED STATES OF AMERICA,          CRIMINAL ACTION

           vs.                     No. 15-203

ANDRE SAUNDERS,

        Defendant.

_____

   Transcript of Sentencing Hearing held on May 23, 2016
   United States District Court, Pittsburgh, Pennsylvania
    BEFORE:  HONORABLE ARTHUR J. SCHWAB, DISTRICT JUDGE


APPEARANCES:

For USA:                          Conor Lamb, Esq.
                                  Assistant U.S. Attorney
                                  U.S. Attorney's Office
                                  700 Grant Street
                                  Pittsburgh, PA 15219

For the Defendant:                Paul R. Gettleman, Esq.
                                  2181 Armstrong Road
                                  Portersville, PA 16051




Court Reporter:                   Karen M. Earley, RDR-CRR
                                  6260 U.S. Courthouse
                                  700 Grant Street
                                  Pittsburgh, PA 15219
                                  412-201-2660




Proceedings reported by mechanical stenography.
Transcript produced by computer-aided transcription.

1                     P R O C E E D I N G S

2        (May 23, 2016, 9:35 a.m.  In open court.)

3                THE COURT:  Good morning.

4                This is the time and place that has been set

5     for sentencing in Criminal No. 15-00203.

6                Will counsel please enter your appearance for

7     the record.

8                MR. LAMB:  Good morning.  Conor Lamb for the

9     United States.

10               THE COURT:  Welcome.

11               And on behalf of the defendant.

12               MR. GETTLEMAN:  Paul Gettleman for

13    Mr. Saunders.

14               THE COURT:  As always, good to see you.

15               MR. GETTLEMAN:  Thank you, sir.

16               THE COURT:  Sir, will you stand to be sworn,

17    please.

18               ANDRE SAUNDERS, Defendant herein, having been

19    first duly sworn, was examined as follows:

20               THE COURT:  Sir, do you understand having been

21    sworn, your answers to my questions are subject to the

22    penalties of perjury or making a false declaration if

23    you do not answer truthfully?

24               THE DEFENDANT:  Yes.

25               THE COURT:  Pull the microphone closer to you

1  so you can be comfortable, please.

2          On February 1, 2016, pursuant to a plea

3  agreement, defendant entered a plea of guilty to Count 1

4  of a 270-count indictment charging defendant with

5  conspiracy with intent to distribute and distribute one

6  kilogram or more of heroin and five kilograms or more of

7  cocaine in violation of Title 21, United States Code,

8  Section 846.

9          Defendant acknowledged responsibility for the

10  conduct charged in Counts 2 through 270 of the

11  indictment and agreed that such conduct could be

12  considered by the United States Probation Office in

13  calculating the guideline range and imposing sentence by

14  the Court.

15          Following the guilty plea, the Court directed

16  the probation office to prepare a Presentence

17  Investigation Report and schedule a sentencing hearing

18  for today.

19          Court has received and reviewed the

20  Presentence Investigation Report and the addendum

21  thereto prepared by the probation office indicating

22  there were no objections by either party to the

23  Presentence Investigation Report.

24          Court has also reviewed the parties' joint

25  status report indicating there are no disputed issues

1   with respect to sentencing and that both parties agree

2   that a stipulated sentence set forth in the plea

3   agreement is sufficient but no greater than necessary to

4   achieve the purposes of Title 18, United States Code,

5   Section 3553(a).

6           Court has also reviewed the sentencing

7   recommendation prepared by the probation office.

8           Sir, on February 1st, 2016, you entered a plea

9   of guilty in this courtroom to Count 1 of a 270-count

10  indictment at Criminal No. 15-00203 charging you with

11  conspiracy to possess with intent to distribute and

12  distribute one kilogram or more of heroin and five

13  kilograms or more of cocaine, in violation of Title 21,

14  United States Code, Section 846, correct, sir?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Following your guilty plea, I

17  directed the probation office to prepare a Presentence

18  Investigation Report which you and your attorney have

19  received, correct?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Correct, counsel?

22          MR. GETTLEMAN:  That's correct, Your Honor.

23          THE COURT:  As previously stated, I reviewed

24  the Presentence Investigation Report and the addendum

25  thereto and the sentencing recommendation of the

1    probation office.

2              Pursuant to the standing Order of the Board of

3    Judges of this district, the Court finds it is not

4    appropriate to disclose the recommendation of the

5    probation office to the parties, nor to counsel,

6    however, sir, in determining your sentence, the Court

7    will not consider any matter that has not previously

8    been disclosed to you or your attorney.

9              Counsel, have you received the Presentence

10   Investigation Report, addendum thereto, and discussed

11   them with your attorney?

12             MR. GETTLEMAN:  Yes.

13             THE COURT:  Are there any errors in the

14   Presentence Investigation Report or addendum that you

15   have not previously called to the Court's attention?

16             MR. GETTLEMAN:  None that I'm aware of.

17             THE COURT:  Sir, did you review the

18   Presentence Investigation Report, addendum thereto and

19   other matters and discussed them with your attorney?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Counsel, is there any legal cause

22   why sentence should not be pronounced?

23             MR. GETTLEMAN:  No.

24             THE COURT:  Anything you would like to say at

25   this time or your client, this is the appropriate time

1    to speak.

2            MR. GETTLEMAN:  With the Court's permission, I

3    have Mr. Saunders' grandmother here.  She would like to

4    address the Court briefly.

5            THE COURT:  Certainly.

6            MR. GETTLEMAN:  Her grandson is going to

7    accompany her up to the podium.

8            THE COURT:  Certainly.

9            Good morning, ma'am.  State your name, please.

10           THE WITNESS:  Betty Jo Saunders and I don't

11   hear very well, Your Honor.

12           I just stand here on behalf of my grandson and

13   I just want to thank the Court and all of the persons

14   involved for whatever kindness and mercy they have shown

15   and I just want to say to him, I want him to use this

16   time, if possible, to get an education so that he can

17   better his life.

18           Again, I say thank you to the Court for

19   letting me speak.

20           THE COURT:  Thank you.

21           MR. GETTLEMAN:  With the Court's permission,

22   Mr. Saunders would like to speak on his behalf.

23           THE COURT:  That's fine.  You can just sit

24   there and speak from your seat, please, and be

25   comfortable, please.

1          Yes, sir?

2          THE DEFENDANT:  I just want to apologize to my

3   family and the Court for what I did.  I made a mistake

4   and I regret doing so.

5          THE COURT:  Anything else, sir?

6          THE DEFENDANT:  That's it.

7          THE COURT:  Counsel?

8          MR. GETTLEMAN:  Briefly, with the Court's

9   permission.

10          THE COURT:  Certainly.

11          MR. GETTLEMAN:  What happened to Mr. Saunders,

12   what the Court alluded to in his opening remarks, there

13   was a plea arrangement in this case, so there is really

14   not a whole lot I'm going to say that can change that

15   but there are a couple issues that are tangential to

16   that that I would like to bring to the Court's

17   attention.

18          Within the body of the Presentence

19   Investigation Report, there was, I guess, a paragraph

20   for previous drug abuse.  Mr. Saunders had a long

21   history.  I believe he began when he was a young

22   teenager.

23          Generally, when you and I and everybody else

24   sees it starts out with marijuana and usual progresses

25   to either heroin and cocaine, because at the time people

8

1    never addressed issues until it smacks them in the face.

2             Mr. Saunders has really never received any

3    help for his problem.  It has been ongoing.

4             My understanding is he had one previous

5    conviction in both as an adult and as a juvenile, and,

6    therefore, he never had an opportunity to address his

7    problem.

8             We would ask that the Court consider a

9    recommendation to the RDAP 500-hour drug program.  Like

10   I suggested to the Court, it is documented in his

11   Presentence Investigation Report that there is an

12   extended history of drug abuse.

13            THE COURT:  Any objection on behalf of the

14   government?

15            MR. LAMB:  No objection to the recommendation,

16   Your Honor.

17            THE COURT:  I'll so order.

18            MR. GETTLEMAN:  The other recommendation that

19   I spoke to Mr. Lamb briefly about, you can see his

20   grandmother is an elderly woman.  He has young children

21   I think 1 and 3 and we would ask that based upon the

22   security level, that he be housed closest to his home in

23   Uniontown.

24            I understand that, of course, it's just a

25   recommendation, but we would ask the Court to make that

1  recommendation to the Bureau of Prisons so that at least

2  they know that the Court was able to consider that.

3            THE COURT:  Any objection?

4            MR. LAMB:  No, Your Honor.

5            THE COURT:  The Court will recommend and

6  request to the Bureau of Prisons to locate the defendant

7  as close to Pittsburgh as possible consistent with his

8  classification.

9            MR. GETTLEMAN:  Thank you, Judge.

10           Then finally, pursuant to the presentence

11  report that was provided to this Court, there is an

12  indication that Mr. Saunders is unable at this time to

13  pay any fines.

14           He forfeited probably close to -- well over

15  $500,000 to the government, so we would ask that you go

16  along with the recommendation of the Presentence

17  Investigation Report and impose no further monetary fine

18  on Mr. Saunders.

19           THE COURT:  Thank you.

20           MR. GETTLEMAN:  Thank you, Judge.

21           THE COURT:  Sir, are you satisfied with the

22  service and representation of your attorney?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Is there anything he has done that

25  you think he should not have done?

1            THE DEFENDANT:  No.

2            THE COURT:  Is there anything you asked him to

3    do that he hasn't done?

4            THE DEFENDANT:  No.

5            THE COURT:  On behalf of the government,

6    please?

7            MR. LAMB:  Nothing further, Your Honor.

8            THE COURT:  Pursuant to the Sentencing Reform

9    Act of 1984, it's the judgment of the Court that

10   defendant be sentenced to ten years imprisonment, which

11   is 120 months, the term of imprisonment should be

12   followed by five years of supervised release.

13           Court also imposes a mandatory special

14   assessment of $100 constituting a $200 special

15   assessment to each count defendant has pled guilty,

16   which shall be paid to the Clerk of Court forthwith.

17           Based upon the financial information contained

18   in the Presentence Investigation Report, the Court finds

19   the defendant does not have the ability to pay a fine

20   and, therefore, waives imposition of any fine.

21           Within 72 hours of release from the Bureau of

22   Prisons, the defendant should report in person to the

23   probation office in which the defendant is released to

24   be placed on supervised release.

25           While on supervised release, defendant shall

1  not commit another federal, state, or local crime, shall

2  comply with the standard conditions that have been

3  adopted by this Court, and shall comply with the

4  following additional conditions:

5          One, defendant shall not illegally possess a

6  controlled substance.  Supervised release must be

7  revoked for possession of a controlled substance.

8          Two, defendant shall not possess a firearm,

9  ammunition, destructive device, or other dangerous

10  weapon.  Supervised release must be revoked for

11  possession of firearm, ammunition, destructive device,

12  or other dangerous weapon.

13          Three, defendant shall participate in a

14  program of testing, and, if necessary, treatment for

15  substance abuse, said program approved by the probation

16  officer until such time as the defendant is released

17  from the program by the probation officer and/or the

18  Court.

19          Further, the defendant shall be required to

20  contribute to the cost of these services for any such

21  treatment in an amount determined by the probation

22  officer but not to exceed the actual cost.

23          Defendant shall submit one drug urinalysis

24  within 15 days after being placed on supervision and at

25  least two periodic tests thereafter.

1            Four, defendant shall not purchase, possess,

2   and/or use any substance or device designed to alter in

3   any way or substitute defendant's urine specimen for

4   drug testing.

5            Five, defendant shall permit his person,

6   property, house, residence, vehicle, papers, business,

7   or place of employment to a search conducted by a United

8   States probation officer at a reasonable time and in a

9   reasonable manner based upon reasonable suspicion of

10  contraband or evidence of a violation of a condition of

11  supervised release.

12           Failure to submit to a search may be grounds

13  for revocation.  The defendant shall inform any other

14  residents that the premises may be subject to searches

15  pursuant to this condition.

16           Six, defendant shall cooperate in a collection

17  of DNA as directed by the probation officer.

18           It is also noted for the record that the

19  government's motion for forfeiture, which is granted,

20  and all title, rights, and interest of the defendant as

21  to the property outlined in the motion for criminal

22  forfeiture filed at Criminal No. 15-00023, Document

23  No. 35, and at the preliminary order, Document No. 37,

24  is to be forfeited.

25           Sir, the reason for your sentence is as

1  follows:

2          The Court considers a sentence of ten years

3  imprisonment and five years supervised release and the

4  forfeiture of the property set forth in the motion to be

5  sufficient but no greater than necessary to comply with

6  the goals of sentencing as set forth in United States

7  Code, Title 18, Section 3553(a)(2), which are, first, to

8  reflect the seriousness of the offense, promote respect

9  for the law, and provide for just punishment.

10          Secondly, to afford adequate deterrence to

11  criminal conduct.

12          Third, to protect the public from further

13  crimes by this defendant.

14          And, finally, to provide defendant with needed

15  educational or vocational training, medical care, or

16  other correctional treatment in the most effective

17  manner.

18          Court has considered all the other sentencing

19  factors as set forth in Title 18, United States Code,

20  Section 3553(a) and as set forth in the Presentence

21  Investigation Report and addendum thereto.

22          Furthermore, the Court has considered the

23  following:

24          First, Court has considered the nature and

25  circumstances of the offense.

1          Between 2011 and 2012, defendant distributed

2    cocaine and heroin in the area of Uniontown,

3    Pennsylvania, shipping loads of multiple kilograms of

4    cocaine and heroin from California in hidden

5    compartments inside cars.

6          Defendant supplied multiple drug dealers in

7    the area and earned large profits.  He laundered more

8    than $350,000 by depositing money in small amounts in a

9    number of places.

10          For example, defendant used the proceeds of

11   his illegal drug activity to build his home and other

12   homes he hoped to sell by making deposits to an account

13   at 84 Lumber in amounts just under $10,000, which

14   demonstrated his knowledge of the federal reporting

15   requirements and intent to avoid them.

16          Defendant also laundered his drug proceeds by

17   using cash to buy postal money orders in amounts under

18   $3,000, which he used to pay for luxury cars and other

19   debts.

20          Defendant went to post offices in Fayette

21   County area to purchase multiple postal money orders at

22   a time in order to avoid the reporting requirements in

23   an attempt to conceal the source of the funds.

24          Secondly, Court has considered defendant's

25   criminal and family and social history.

1          Defendant's criminal history includes juvenile

2   adjudications relating to drug possession, driving

3   violations, and disorderly conduct.  He has one prior

4   conviction as an adult for possession with intent to

5   distribute or sell cocaine at the age of 21.

6          Defendant was raised in a low-income family

7   and lived in housing projects with his parents and two

8   siblings.  Defendant's upbringing was loving, free from

9   abuse, drug and alcohol problems, and he continues to

10  have regular contact with his family.

11          Defendant reported, however, his life changed

12  during high school when he began using drugs and dropped

13  out of high school in the tenth grade and never pursued

14  a GED or other education.

15          Defendant has never been married but has a

16  long-term relationship with the mother of his two

17  youngest children, ages 1 and 3 years old.  He has three

18  other children, ages 17, 13, and 8 to three other

19  mothers.  Defendant's reports and maintains daily

20  contact with all of his children.

21          The Court has considered defendant's personal

22  characteristics.

23          Defendant reported daily marijuana use and

24  weekend cocaine use.  He received substance abuse

25  treatment while previously incarcerated in state prison

1  and while on parole in 2005.

2            Prior to his incarceration, defendant worked

3  as a self-employed contractor from 2012, building new

4  homes in Fayette County for which he earned between

5  $70,000 and $100,000 per house.  His only other reported

6  employment was as an inventory manager for Elite Motors

7  in Uniontown, Pennsylvania, where he earned

8  approximately $4,000 per month for periods between 2010

9  and 2012.

10            Court has also considered the kinds of

11  sentences available for this offense, the guideline

12  range under the advisory guidelines, and the applicable

13  policy statements adopted by the Sentencing Commission.

14            The ten-year imprisonment imposed is just one

15  month under the 121- to 151-month guideline range and is

16  consistent with the parties' Rule 11(c)(1)(C) plea

17  agreement.

18            The five-year supervised release imposed is

19  consistent with the guideline range and the plea

20  agreement.

21            Finally, the Court has considered the need to

22  avoid unwarranted sentencing disparities among

23  defendants with similar conduct who have been found

24  guilty of similar conduct.

25            I misread that.

1        The Court considered the need to avoid

2  unwarranted sentence disparities among defendants with

3  similar records who have been found guilty of similar

4  conduct.

5        That certainly is true in this case with this

6  particular sentence.

7        Does my statement of reasons adequately

8  address all the objections, concerns, and issues raised

9  on behalf of the government?

10        MR. LAMB:  Yes, Your Honor.

11        THE COURT:  Defendant?

12        MR. GETTLEMAN:  Yes.

13        THE COURT:  Are there any other sentencing

14  factors under Section 3553(a) that the Court has failed

15  to address?

16        MR. LAMB:  No, Your Honor.

17        MR. GETTLEMAN:  No.

18        THE COURT:  Sir, I'm going to speak about your

19  right to appeal now.

20        Except as otherwise waived in the plea

21  agreement, you have the right to appeal from the orders

22  of the Court, judgment of guilty, and/or from the

23  sentence imposed.

24        You have a right to have an attorney represent

25  you on appeal at no cost to you.  If you cannot afford

1  them, certified copies of the necessary records and

2  transcripts will be furnished at the expense of the

3  United States government.

4         If you appeal, the notice of appeal must be

5  filed within 14 days of today.  Otherwise, you will lose

6  your right to appeal.

7         In a few moments will you talk to your

8  attorney and tell me whether you wish the Clerk of Court

9  to immediately prepare and file a notice of appeal for

10  you or, on the other hand, if you decide to appeal, will

11  you use your current counsel.

12         Chat with your attorney, please, and tell me

13  if you wish to have the Clerk of Court file a notice of

14  appeal.

15         (Whereupon, the defendant and defense counsel

16  confer off the record.)

17         THE DEFENDANT:  No.

18         THE COURT:  If you change your mind, do you

19  understand you must file a notice of appeal within 14

20  days of today?

21         THE DEFENDANT:  Yes.

22         THE COURT:  You will use your current counsel

23  if you change your mind and decide to appeal?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Defendant is in custody and he

1  will remain in custody.

2            Any motion on behalf of the government?

3            MR. LAMB:  Yes, Your Honor.

4            The government moves to dismiss Counts 2

5  through 270 of the indictment.

6            THE COURT:  Any objection?

7            MR. GETTLEMAN:  No objection.

8            THE COURT:  Motion is granted.

9            Anything else on behalf of the government?

10           MR. LAMB:  No, Your Honor.

11           THE COURT:  Defendant?

12           MR. GETTLEMAN:  No.

13           THE COURT:  I want to thank the family members

14 for being here today and especially his grandmother for

15 speaking.

16           Everyone should remain seated and the

17 defendant is remanded to the custody of the marshal

18 service for transportation to the Bureau of Prisons.

19           (Whereupon, the above hearing was concluded at

20 10:05 a.m.)

21                          - - -

22

23

24

25

I hereby certify by my original signature herein, that the
foregoing is a correct transcript, to the best of my ability,
from the record of proceedings in the above-entitled matter.


                    S/ Karen M. Earley

                     Karen M. Earley

                     Certified Realtime Reporter