IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 15-203 |
| ANDRE SAUNDERS | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY/AMEND JUDGMENT PURSUANT TO FRCP RULE 59(e)**

AND NOW comes the United States of America, by and through its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and David Lew, Assistant United States Attorney for the Western District of Pennsylvania, and respectfully submits this Response in Opposition to Defendant Andre Saunders' Motion to Modify/Amend Judgment Pursuant to FRCP 59(e) (Doc. No. 109). As explained below, Saunders' Motion asking the Court to reduce his money judgment entered over six years ago is untimely and should thus be dismissed for lack of jurisdiction.

On May 23, 2016, the Court sentenced Saunders to 120 months of incarceration to be followed by 5 years of supervision for participating in a conspiracy to traffic large quantities of cocaine and heroin in Uniontown, Pennsylvania. Doc. No. 46; PSIR ¶¶ 8–11. Additionally, as part of Saunders' sentence, the Court entered a forfeiture money judgment against him in the amount of $100,000.00, which Saunders had specifically agreed to in his plea agreement. Doc. No 46; PSIR ¶¶ 3–4. Following Saunders' conviction, the United States successfully pursued— over Saunders' objections—forfeiture of $10,135.26 in funds in his Bureau of Prisons inmate trust account as a substitute asset to partially satisfy the outstanding forfeiture money judgment. Doc. Nos. 90, 97, 100.

While admitting that he still owes approximately $89,000.00 on his money judgment, Saunders asks the Court in the instant Motion to reduce the money judgment from $100,000.00 to $30,000.00 under Federal Rule of Criminal Procedure 59 based on: (1) claims of hardship from the COVID-19 pandemic and worldwide economic circumstances, and his personal financial circumstances; and (2) because the President of the United States has purportedly granted pardons and sentence reductions to other individuals. Mot. at 2–3.

Saunders' Motion must be dismissed for lack of jurisdiction. At the threshold, while Saunders asserts that Federal Rule of Criminal Procedure 59(e) permits the Court to modify his judgment, that Rule concerns searches and seizures and has nothing to do with the relief that he requests. Federal Rule of *Civil* Procedure 59(e) addresses altering or amending a judgment and provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." While courts have looked to jurisprudence of Federal Rule of Civil Procedure 59(e) in considering motions for reconsideration of criminal orders[1], even if Saunders' Motion were construed as a motion for reconsideration, it is exceedingly untimely, and the Court thus lacks jurisdiction to consider it. *See United States v. Rashid*, 373 Fed. Appx. 234, 237 (3d Cir. 2010) ("The District Court properly denied [defendant's] January 20, 2009 motion for reconsideration of the July 22, 1999 denial of his Rule 60(b)(6) motion as time-barred.") (citing Fed. R. Civ. P. 59(e)); *United States v. Perez*, Nos. 86-cr-263, 04-cv-3958, 2010 WL 2766860, at *2 (E.D. Pa. July 9, 2010) ("If a motion for reconsideration is not timely filed, then the district court lacks jurisdiction to consider it."); *United States v. Enigwe*, Cr. No. 92-257, 2006 WL

---

[1] *See, e.g.*, *United States v. Perez*, Nos. 86-cr-263, 04-cv-3958, 2010 WL 2766860, at *2 (E.D. Pa. July 9, 2010) ("Absent specific guidance under the criminal procedural rules, the Court looks to the jurisprudence of Federal Rule of Civil Procedure 59(e) in considering [defendant's] motion. . . .").

1340527, at *2 (E.D. Pa. May 15, 2006) ("A motion for reconsideration in a criminal case is timely if it is filed within the time for filing an appeal, i.e., if it is filed within ten (10) days. . . . If a motion for reconsideration is not timely filed, then the district court lacks jurisdiction to consider it."). Saunders' money judgment was imposed over six years ago (*see* Doc. No. 46), and the instant Motion was filed well beyond the time for him to appeal it and far beyond the 28-day deadline in Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. Accordingly, his Motion is untimely and must be dismissed for lack of jurisdiction.

While this is dispositive, Saunders' Motion is also meritless. A motion for reconsideration must rely on one of three grounds: (1) an intervening change in controlling law; (2) availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). None of these circumstances are present or even alleged. Saunders' vague claims of hardship based on the COVID-19 pandemic and economic conditions do not fall within any of these categories, nor do his unsupported claims of financial hardship. *See* Mot. at 2–3 (noting he "won't elaborate on his financial status" but anticipates a $500.00 per month monthly surplus in income). Saunders' claim that pardons and sentencing relief have been granted to *other* individuals has no relevance to a proper ground for reconsideration. *See id*. at 3–4. In short, Saunders falls far short of alleging, much less demonstrating, any basis for the Court to reconsider the imposition of his agreed-upon money judgment, and his Motion lacks merit even if the Court had jurisdiction to consider it.

Accordingly, the Court must dismiss Defendant's Motion to Modify/Amend Judgment Pursuant to FRCP 59(e) for lack of jurisdiction.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney


*/s/ David Lew*
DAVID LEW
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7482 (tel)
412-644-2644 (fax)
david.lew@usdoj.gov
PA ID No. 320338

# **CERTIFICATE OF SERVICE**

I hereby certify that the United States' Response in Opposition to Defendant's Motion to Modify/Amend Judgment Pursuant to FRCP 59(e) has been served by mail this 12th day of December, 2022 upon the following:

    Andre Saunders
    140 Easy Street
    Uniontown, PA 15401

    /s/ David Lew
    DAVID LEW
    Assistant U.S. Attorney